**Silverman Law PLLC**
Brett S. Silverman, Esq.
4 Terry Terrace
Livingston, New Jersey 07039
brett@getconciergelaw.com
646.281.6008

LAW OFFICES OF HERBERT K. RYDER LLC
531 U.S. Highway 22 East, Suite 182
Whitehouse Station, NJ 08889-3695
Phone: (908) 838-0543
Fax: (908) 838-0544
Herbert K. Ryder 01964-1999
*Attorney for Debtor and*
*Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>SKYLINE HOLDING 365 LLC,<br><br>Debtor. | Case No. 25-10372<br><br>Chapter 11<br><br>Hearing Date: March 31, 2026, at 9:00 a.m.<br><br>Hon. Stacey L. Meisel |

**OBJECTION TO DEBTOR'S MOTION SEEKING APPROVAL OF SALES**

SSA NE Assets LLC (together with any successor and/or assign, "**Lender**"), by and through its undersigned counsel, hereby objects to motion seeking approval of sales of the estates interest in real properties (the "**Motion**") filed by Skyline Holding 365 LLC, the above-captioned debtor and debtor in possession (the "**Debtor**").

1. The Debtor owns the real properties known as and located at 112 East 2nd Street, Plainfield, New Jersey 07062 and 213 West 7th Street, Plainfield, New Jersey 07060 (collectively, the "**Real Properties**"). The Real Properties constitute substantially all of the Debtor's assets.

2. On January 28, 2026, the Court entered an Order confirming the Debtor's plan of liquidation (the "**Confirmation Order**"). *See* ECF 40.

3. The Debtor's plan of liquidation can be found at ECF 29 and was filed on December 2, 2025 (the "**Plan**").

4. The Plan states that the Lender will be paid in full at Closing, and that it is unimpaired. *See* Plan, §2.2A.

5. Section 2.5 of the Plan provides in relevant part that:

> "If the Debtor is unable to close either of the proposed sales by the 90th day after confirmation of this Plan, ***the mortgage lender may retain a broker of the lender's choosing and sell the properties by public auction*** pursuant to sections 1123(a)(5)(B) and (D) of the Bankruptcy Code. The Debtor and its principal agree to in rem relief, waive all defenses, and consent to the Lenders obtaining a warrant of eviction. ***This provision will be effective on the 91st day after confirmation of the plan, contingent on a failure to close either proposed sale of the Properties***."

Plan §2.5 (emphasis supplied).

6. The Confirmation Order provides in relevant part that:

> "As time is of the essence, the Debtor ***shall have 60 days from the date of this Order to <u>close</u> the proposed sales of the properties***. ***Extensions will only be available upon the mortgage lender's discretion which may be withheld for any reason or no reason***. All references to the 90- day deadline set forth in the Plan shall be understood to mean 60 days."

Confirmation Order (emphasis supplied).

7. The Confirmation Order (as set forth above) modifies the language in § 2.5 of the Plan to the extent that all references to 90 days is shortened to 60 days.

8. Given the amount of time the Debtor was in bankruptcy, and given the desire to try to work amicably with the Debtor, the Lender and Debtor agreed to the provisions of § 2.5 of the Plan.

9. Under §2.5 of the Plan, as modified by the Confirmation Order, the Debtor needed to close a sale or refinance of both Real Properties by March 29, 2026, or on March 30, 2026, the Lender could appoint an auctioneer to sell the Real Properties at auction.

10. As of the date hereof, neither Real Property has closed or been refinanced, and therefore the Debtor is in default of §2.5 of the Plan.

11. The Lender points out, respectfully, that it does not need any reason to reject the proposed contracts (including the extensions sought which are not overtly requested in the Motion), and, as set forth in the Plan, have an auctioneer appointed to sell the Real Properties.

12. Further, despite being entered into on March 4, 2026, the Debtor waited till the last minute in order to seek approval of the contracts, and did so while only giving the Lender less than a week to review each contract or explain that there was a timing issue.

13. However, in fairness, the Lender reviewed the contracts sought to be approved by the Debtor has several issues, some of which are identified below:

a. each sale is contingent on financing;

b. Closing is proposed to be no later than 60 days from the entry of an Order approving the sale;

c. there are no deposits to be left by the Buyer; and

d. without asking for a payoff, there is no telling that the stated purchase prices will satisfy the Lender's secured claims in full pursuant to the terms of the Plan.

14. Any one of the foregoing are issues for the Lender, the most important of which is the financing contingency, because even if the Lender were to allow an extension of the deadlines in the Confirmation Order and the Plan, there is no guaranty that the financing will even come through and the Buyer could still close these proposed sales.

15. It was intimated to the Lender, which is why the Lender agreed to the confirmation of the Plan, that the sale and refinance of the Real Properties were basically ready to be finalized and could be closed in sixty days, not wait sixty days and then seek approval of contingent agreements with no default remedies.

16. For all of the foregoing reasons, the Lender objects to the Motion and, by this Objection, advises the Court and all parties in interest that the Debtor defaulted its obligations under the Plan triggering the Lender's ability to appoint an auctioneer, in addition to all of the Lender's other rights and remedies granted by the confirmed Plan.

17. If the Buyer wants to attend the Auction, or be a stalking horse, the Lender will be more than happy to continue to work with the Debtor and the Buyer (if they desire), but the time for delay has come to an end.

18. WHEREFORE, the Lender respectfully requests that this Honorable Court (a) deny the Motion in its entirety, and (b) grant such other and further relief as this Court deems just and proper.

Dated: Livingston, New Jersey
March 30, 2026

Silverman Law PLLC
*Counsel to the Lender*

By: *s/Brett S. Silverman*
Brett S. Silverman