LAW OFFICES OF HERBERT K. RYDER LLC
P.O. Box 1044
Whitehouse Station, NJ 08889-1044
Phone: (908) 838-0543
Fax: (908) 838-0544
Herbert K. Ryder 01964-1999

*Counsel for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>SKYLINE HOLDING 365 LLC,<br><br>Debtor. | Case No. 25-10372<br><br>Chapter 11<br><br>Hearing Date: August 4, 2026 at 11:00 A.M.<br><br>Hon. Stacey L. Meisel |

**JOINT OBJECTION OF DEBTOR AND LENDER TO NOTICE OF INTENTION TO CLOSE CASE PURSUANT TO D.N.J. LBR 3022-1(a)**

Skyline Holding 365 LLC, the debtor in the above-captioned chapter 11 case (the "Debtor"), and SSA NE Assets LLC (the "Lender"), together file this Joint Objection (the "Objection") to the Notice of Intention To Close Case Pursuant to D.N.J. LBR 3022-1(a), which was entered by the Clerk of Court on July 13, 2026 (the "Notice of Intention"). In further support of its Objection, the Debtor respectfully represent as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 dated as of September 18, 2012 (Simandle, C.J.). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

## BACKGROUND

2. On January 14, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief from its creditors pursuant to chapter 11 of the Bankruptcy Code.

**The Real Property**

3. The Debtor is a real estate investment company that owns two Properties, located at 1122-1124 East 2nd Street, Plainfield, New Jersey, 07062 ("1122 E. 2nd St."), and the premises located at 213 West 7th Street, Plainfield, New Jersey, 07060 ("213 W. 7th St." and, together with 1122 E. 2nd St., the "Properties"). The Debtor leases 1122 E. 2nd St. in exchange for rent, and 213 W. 7th St. is the home of the Debtor's sole member.

**The Mortgage**

4. The Properties are encumbered by a note and mortgages held by the Lender which constitute liens against both Properties. The Lender holds a claim against the Debtor's estate in an amount not less than $1,031,904.00.

**Other Claims**

5. Each Property is subject to a tax lien and unpaid property taxes owed to the City of Plainfield. Additionally, two residential tenants live at 1122 E. 2nd St. Each tenant has a claim for the security deposit he or she paid upon leasing his or her respective apartment. The tax liens and tax claims will be satisfied upon the transfer of the Properties, and the security claims and corresponding security deposits held by the Debtor will be transferred to the purchasers upon closing the sale of 1122 E. 2nd St.

**Confirmed Plan**

6. On December 2, 2025, the Debtor file a Combined Plan Of Reorganization and Disclosure Statement (the "Plan"). This Court entered an Order Finally Approving Disclosure Statement and Confirming Plan on January 28, 2026 (the "Confirmation Order").

7. As confirmed, the Debtor had sixty (60) days from the date of the Confirmation Order to close a proposed private sale of the Properties. If the Debtor is unable to close either of the proposed sales by the 60th day after confirmation of this Plan, the mortgage lender may retain a broker of the lender's choosing. and sell the properties by public auction pursuant to sections 1123(a)(5)(B) and (D) of the Bankruptcy Code.

8. The Debtor was unable to close either of the proposed sales by the 60th day after confirmation of the plan. Upon the passing of the deadline, the Debtor filed an Application for Retention of MYC & Associates, Inc. ("MYC"), the lender's choice of realtor and auctioneer, on April 29, 2026. This Court approved retention of MYC by order entered on May 12, 2026.

**Further Efforts to Sell Properties**

9. Since the retention of MYC, MYC has been marketing the Properties for sale by auction.

10. Notwithstanding the Debtor's inability to close the sale of the properties by the deadline, the lender agreed to allow the Debtor and its proposed third-party purchasers to continue to work toward a private sale of 213 W. 7th St. while simultaneously marketing it for auction, and planned to take 1122 E. 2nd St. to auction. As of July 31, 2026, the auction date, due to what appeared to be an imminent clear to close a sale to a third party purchaser on the 213 W. 7th St. Property, it was removed from the scheduled auction, which sale would have been in the best interests of the parties in interest in this case.

11. The auction on the 1122 E 2nd Street Property was conducted on July 31, 2026, which auction resulted in the Lender prevailing by credit bid.

12. On August 3, 2026, the Lender and Debtor were notified that the third party purchaser's financing for the 213 W. 7th St. Property was being withdrawn, and, as a result, MYC will be scheduling the an auction on that Property for the next available auction date.

**RELIEF REQUESTED**

13. For the reasons set forth above and below, both the Debtor and the Lender each object to the Closing of the case and request that the Court allow its case to proceed to its conclusion.

**BASIS FOR RELIEF REQUESTED**

14. The Notice of Intention states, in relevant part, "The case shall be closed on or after 8/12/2026 unless an objection to closing is filed with the court and served on the United States Trustee at least seven (7) days prior to the closing date." The Notice of Intention further sets a hearing date upon a timely objection on 8/4/2026, which is eight days prior to the closing date, and the corresponding ECF notice sets an objection deadline of 7/28/2026, fourteen days prior to the closing date.

15. Notwithstanding the arguably late filing of this Objection, the Debtor and the Lender jointly and respectfully request that the Court consider this Objection because, (a) it is filed and served at least seven days prior to the closing date set forth in the Notice of Intention, and (b) as set forth below, both the Debtor and the Lender have an interest in continuing this case for a limited period of time.

16. As stated above, the auction for 1122 E. 2nd St. was held on July 31, 2026. No alternative purchasers appeared at the auction, so the Lender won the Property on its credit bid, and the parties intend to seek approval for this sale imminently.

17. As stated above, while the parties belived that a scheduled closing dtae and firm offer for the sale of 213 W. 7th St. was imminent, the sale propsect of that Property terminated as of August 3, 2026, and thus, the Property is being sent to auction at the next available auction date.

18. Both the Debtor and the Lender seek to continue this case to finalize the transfer of both of the Properties by gaining court approval of the transfers, and distribute the proceeds of the

transfers pursuant to the terms of the Plan and Confirmation Order. In furtherance of these goals, the Debtor intends to file a motion on shortened notice to approve the sale of both Properties to finalize and close the sale of the 1122 Property, and to allow the Debtor to seek confirmation of the sale of the 213 W. 7th St. Property by hearing shortly after the auction takes place.

**CONCLUSION**

WHEREFORE, the Debtor and the Lender jointly and respectfully request that this Court continue the case and grant such other or further relief as is just and proper.

Dated: August 3, 2026

LAW OFFICES OF
HERBERT K. RYDER LLC
*Counsel to the Debtor*

By: *_/s/ Herbert K. Ryder_*
Herbert K. Ryder

SILVERMAN LAW PLLC
*Counsel to the Lender*

By: *_/s/ Brett S. Silverman_*
Brett Silverman