ATTORNEY REVIEW DRAFT — NOT FOR FILING UNTIL REVIEWED AND SIGNED BY FILING COUNSEL

| | |
|---|---|
| In re:<br>SKYLINE HOLDING 365 LLC,<br><br>Debtor. | Case No. 25-10372<br>Chapter 11<br>Hon. Stacey L. Meisel |

**CERTIFICATION OF RONDELL LEWIS IN SUPPORT OF DEBTOR'S MOTION TO SELL**

I, **Rondell Lewis**, certify as follows:

1. I am the buyer under the written contract for the purchase of the real property located at **213 West 7th Street, Plainfield, New Jersey 07060** (the "Property") from Skyline Holding 365 LLC (the "Seller" or "Debtor"). I submit this Certification based upon my personal knowledge in support of the proposed sale and the request for sufficient time to permit the financing and closing process to proceed.

2. I am the son of Bertha Lekunze, Skyline's Managing Member. I disclose that family relationship because the proposed sale is a **related-party transaction.**

3. I am presently pursuing mortgage financing for the purpose of completing my purchase of the Property.

4. On **August 12, 2026**, Crown Home Mortgage issued me a Conditional Loan Pre-Approval in my name alone in connection with my purchase of the Property. The pre-approval reflects a purchase price of **$517,000** and states that Crown Home Mortgage reviewed my credit score, credit report, income, and asset documentation. The pre-approval remains subject to the conditions stated therein, including final underwriting approval. A true and correct copy is attached as Exhibit A.

5. On **July 31, 2026**, I entered into a revised written contract with Skyline Holding 365 LLC for the purchase of the Property for **$517,000.** A true and correct copy of the revised purchase contract is attached as Exhibit B.

6. On August 11, 2026, I transmitted a **$1,000** deposit to Atlantic Closing and Escrow LLC in connection with my purchase of the Property. Atlantic subsequently confirmed receipt of the **$1,000** deposit and confirmed that the title examination for the Property had been pulled. True and correct copies of the wire transfer receipt and the title/escrow confirmation are attached collectively as Exhibit C.

**7.** I obtained homeowner's insurance for the Property in connection with the proposed purchase. A true and correct copy of the insurance documentation is attached as Exhibit D.

**8.** On May 21, 2026, during processing of my mortgage financing, Susana Salazar of Absolute Home Mortgage Corporation identified the Seller's Chapter 11 bankruptcy as an outstanding matter and requested proof that the Seller had approval to sell the Property. A true and correct copy of this lender communication is attached as Exhibit E.

**9.** On May 22, 2026, Chantelle Wood advised in writing that after the appraisal was received the loan file would be submitted back to underwriting for review, that the lender anticipated being able to provide an approval pending seller-related items and bankruptcy approval from the Trustee, and that clear-to-close/final approval would not be issued until the identified outstanding items were received. A true and correct copy is attached as Exhibit F.

**10.** On June 11, 2026, Ms. Wood further advised in writing that the lender was waiting for title and was working with the underwriter to clear as many conditions as possible so that the remaining

ATTORNEY REVIEW DRAFT — NOT FOR FILING UNTIL REVIEWED AND SIGNED BY FILING COUNSEL

conditions could be reduced to the Trustee's approval to close. She further advised that after title was received the loan would be submitted back to underwriting for final review. A true and correct copy is attached as Exhibit G.

11. On August 13, 2026, Kevin Bullock, Branch Manager of Crown Home Mortgage, provided an update concerning my financing. Mr. Bullock advised that the loan had been restructured so that I could proceed with the purchase as the sole borrower, identified the updated pre-approval, revised sales contract, **$1,000** earnest money deposit and supporting wire documentation, and homeowner's insurance as supporting documents, and advised that the lender was working to move the transaction toward closing. A true and correct copy is attached as Exhibit H.

**12.** The lender's written communications identify bankruptcy-related approval of the sale as an outstanding requirement in connection with my financing. I have continued taking the steps within my control toward completing the purchase.

**13.** I remain ready and willing to proceed with the purchase of the Property and to continue satisfying the lender's remaining requirements.

**14.** I respectfully request that the Court approve the proposed sale and permit sufficient time for the financing and closing process to proceed.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: August 17, 2026

______________________________

**Rondell Lewis**

| | |
|---|---|
| In re:<br>SKYLINE HOLDING 365 LLC,<br><br>Debtor. | Case No. 25-10372<br>Chapter 11<br>Hon. Stacey L. Meisel |

# EXHIBIT INDEX

| Exhibit | Description |
|---|---|
| A | August 12, 2026 Conditional Loan Pre-Approval |
| B | July 31, 2026 Revised Purchase Contract |
| C | $1,000 Deposit/Wire Receipt and Atlantic Title/Kriss Law Title-Escrow Confirmation |
| D | Homeowner's Insurance Documentation |
| E | May 21, 2026 Lender Communication Concerning Bankruptcy Approval |
| F | May 22, 2026 Lender Communication Concerning Underwriting / Clear-to-Close |
| G | June 11, 2026 Lender Communication Concerning Trustee Approval / Final Underwriting |
| H | August 13, 2026 Kevin Bullock Financing Update |

| | |
|---|---|
| In re:<br>SKYLINE HOLDING 365 LLC,<br><br>Debtor. | Case No. 25-10372<br>Chapter 11<br>Hon. Stacey L. Meisel |

# NOTICE OF DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING SALE OF 213 WEST 7TH STREET, PLAINFIELD, NEW JERSEY

PLEASE TAKE NOTICE that Skyline Holding 365 LLC, debtor in the above-captioned Chapter 11 case, has filed a motion seeking authority to sell the real property located at **213 West 7th Street, Plainfield, New Jersey 07060**, Block 714, Lot 2, to **Rondell Lewis** pursuant to the revised written purchase contract dated **July 31, 2026**.

PLEASE TAKE FURTHER NOTICE that the proposed purchaser is the son of the Debtor's Managing Member. The relationship and related-party nature of the proposed transaction are expressly disclosed in the Motion and supporting certifications.

PLEASE TAKE FURTHER NOTICE that the following information must be completed by filing counsel from the Court's scheduling/shortened-time order before service:

Objection Deadline: ______________________

Hearing Date: ___________________________

Hearing Time: ___________________________

Hearing Method/Location: ________________

Required Service Method/Recipients: ___________________________________

Any objection must be filed and served in accordance with the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the District of New Jersey, and any order shortening time or scheduling order entered by the Court.

Dated: August ____, 2026

______________________________________
[NAME OF FILING COUNSEL]
Counsel for Skyline Holding 365 LLC

ATTORNEY REVIEW DRAFT — NOT FOR FILING UNTIL REVIEWED AND SIGNED BY FILING COUNSEL

| | |
|---|---|
| In re:<br>SKYLINE HOLDING 365 LLC,<br><br>Debtor. | Case No. 25-10372<br>Chapter 11<br>Hon. Stacey L. Meisel |

## ATTORNEY COMPLETION CHECKLIST — NOT FOR FILING

| Item | Required Review / Completion |
|---|---|
| Filing counsel | Replace all placeholder counsel information; remove Herbert K. Ryder from the filing unless he affirmatively agrees to sign/file. |
| Contract | Confirm the complete July 31, 2026 contract, all pages/addenda, $517,000 price, closing costs, contingencies, and operative outside closing date. |
| Deposit | Confirm $1,000 amount against the contract, wire receipt, and escrow confirmation. |
| Appraisal — separate counsel review | Keep the May 16, 2026 appraisal outside Rondell's Exhibits A–H. It was prepared for the earlier FHA financing and identifies Rondell Lewis and Joel Sanchez Acosta as borrowers. If counsel relies on it for valuation, describe its date, purpose, borrower names, non-arm's-length disclosure, and limitations accurately; do not characterize it as part of the current sole-borrower financing. |
| Insider / related-party disclosure | Confirm the precise legal characterization and whether additional fairness disclosures or evidence are required. |
| Liens / § 363(f) | Identify every lien, claim, encumbrance, interest, payoff, and statutory basis for any free-and-clear relief. Do not file the current generic language without completing this analysis. |
| Sale proceeds | State proposed distribution or escrow/holding of sale proceeds, consistent with the confirmed plan and existing orders. |
| Plan / docket | Confirm the motion is consistent with the confirmed plan, prior sale/auction orders, MYC retention order, and any current auction notice. |
| Auction timing | Confirm the current auction date from the operative notice/docket and attach or cite it if relied upon. |
| Shortened time | If emergent relief is required, file the underlying Motion to Sell first, then the Court's current Application for Order Shortening Time and proposed shortened-time order, and follow chambers-notification instructions. |

| | |
|---|---|
| Notice/service | Insert hearing date, objection deadline, hearing method, and all required Rule 7004 / Local Rule service recipients and methods. |
| Rondell Exhibits A–H | Attach the finalized exhibit packets already assembled and ensure the certification references match exactly. |
| Bertha certification | Have Bertha review every paragraph for personal knowledge and accuracy before signing. |
| Rondell certification | Have Rondell review every paragraph and exhibit for accuracy before signing. |
| Rule 9011 review | Counsel should independently conduct the reasonable inquiry required before signing or advocating the filing. Remove any statement counsel cannot support. |
| Address | Use 213 West 7th Street consistently. Do not use the earlier erroneous 513 W. 7th Street reference. |